UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER JAY TAYLOR,

Plaintiff,

v.                                                        CASE NO.:   8:10-cv-00730-EAK-AEP

DAVID GEE, SHERIFF OF
HILLSBOROUGH COUNTY,

Defendant.

_____/

## ORDER

THIS cause is before the Court on Defendant Sheriff David Gee's Rule 12(b)(6) motion

to dismiss Plaintiff Christopher Jay Taylor's 42 U.S.C. §1983 civil rights conspiracy complaint

and Gee's request for injunctive relief. (Docs. 1, 2, 18). Although given an opportunity to reply

to Gee's motion to dismiss, Taylor has not done so. Although Taylor does not so state in the

complaint, the Court construes his claims to be that he is suing Defendant Gee in his official and

individual capacities.

For the reasons set forth below, Defendant Sheriff Gee's Rule 12(b)(6) motion to dismiss

Taylor's complaint against Gee must be **GRANTED**.

## FACTUAL BACKGROUND

### Plaintiff's Allegations

On September 14, 2008, Taylor was booked into the Falkenburg Road Jail, Hillsborough

County, Florida. In "Count A" of his complaint, Taylor contends that in December 2008 he was

wrongfully placed in solitary confinement for fourteen days. In "Count B," Taylor contends that

in July 2009 he was wrongfully placed in solitary confinement for twenty-one days. In "Count

C," Taylor contends that he has been wrongfully placed in solitary confinement since September

18, 2009. In total, Taylor claims that he has been placed in solitary confinement for over two

hundred days. (Doc. 1).

In both "Count B" and Count C," Taylor claims that he was improperly denied the

opportunity to make phone calls, participate in recreational activities, and attend religious

services. For each count, Taylor contends that:

> The Sheriff has retaliated against me by putting me in solitary confinement for
> over 200 days since September 14, 2008. This retaliation is based on my legal
> knowledge and my filing of civil rights complaints in this Court. The Sheriff has
> violated my 1st, 4th, 5th, 6th, 8th, and 14th Amendment rights under the U.S.
> Constitution.

(Doc. 1). Taylor requests that he be released from confinement; awarded nominal, punitive, and

compensatory damages in an amount to be determined; allowed discovery and trial by jury; and

granted injunctive as well as declaratory relief where the retaliation is currently ongoing and

Plaintiff is not scheduled to be released from administrative confinement. (Doc. 1).

## Defendant's Allegations

Defendant Gee contends that Taylor failed to state a claim upon which relief can be

granted and improperly pursued a §1983 complaint against Gee on the basis of respondeat

superior liability in Gee's official capacity. Gee also claims that he is entitled to qualified

immunity in his individual capacity.

## STANDARD OF REVIEW

*Federal Rule of Civil Procedure 8(a)(2)* requires a complaint to contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2)*. Pro

se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Nonetheless, even a pro se plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Federal *Rule of Civil Procedure 12 (b)(6)* states that a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." *Fed. R. Civ. P. 12(b)(6)*. To survive a *Rule 12(b)(6)* motion, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of circumstances that would entitle her to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must limit its considerations to the pleadings and exhibits attached thereto. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228 (11th Cir. 2000). The court is also required to view the complaint in the light most favorable to the plaintiff. *Ill. ex. rel. Madigan v. Telemarketing Assoc., Inc.*, 538 U.S. 600, 618 (2003)).

## DISCUSSION

### I. Plaintiff Taylor Failed to State a Claim

Because Taylor has not yet been convicted of a crime, he is a pretrial detainee and his civil rights claim invokes the protections of the Fourteenth Amendment's Due Process Clause. *Gross v. White*, 340 Fed. Appx. 527, 530 (11th Cir. 2009). However, the applicable standard is the same as what applies to claims brought by convicted prisoners under the Eighth Amendment's Cruel and Unusual Punishment Clause. *Id*. To invoke the protections of the Fourteenth Amendment, a plaintiff is first required to show that the alleged deprivation of rights is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official's acts or

3

omissions must result in the denial of "the minimal civilized measure of life's necessities." *Id.* A

prisoner must also show that his prison conditions pose a "substantial risk of serious harm." *Id.*

A plaintiff is also required to prove that the prison official had a "sufficiently culpable

state of mind." *Farmer*, 511 U.S. 825 at 834. It is only by "the unnecessary and wanton infliction

of pain" that the Eighth Amendment is implicated in prisoner civil rights cases. *Hope v. Pelzer*,

536 U.S. 730, 737 (2002) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). A punishment is

deemed unnecessary if it is "totally without penological justification." *Rhodes v. Chapman*, 452

U.S. 337, 346 (1981). It is wanton if the prison official acted with a "deliberate indifference to

the inmate health or safety." *Farmer*, 511 U.S. at 834. A plaintiff can show that a prison official

violated the Eighth Amendment only when both requirements are met. *Id.*

In his complaint, Taylor does not allege a deprivation of his constitutional rights with any

specificity. Taylor alleges three separate instances in which he was placed into solitary

confinement. Taylor makes a blanket assertion that Defendant violated his First, Fourth, Fifth,

Sixth, Eighth, and Fourteenth Amendment rights. However, Taylor's assertions do not show that

he was ever exposed to "a substantial risk of serious harm" or that he was denied the "minimal

civilized measure of life's necessities." Taylor asserts that he was denied privileges such as

recreation and church attendance because he was placed in confinement.

Taylor also does not show that his punishment was "unnecessary and wanton." Not once

in his complaint does Taylor allege that Defendant Gee "acted with deliberate indifference" to

his health or safety. Taylor does not allege any mental or physical damage as a result of his

placement in solitary confinement. Taylor does state, however, that in every case he was placed

in solitary confinement for being disruptive. This is evidence that prison officials had

4

"penological justification" to confine Taylor. Thus, Taylor's theory that he was punished because

of Defendant's retaliation is unfounded based on Taylor's own statement of the facts.

## II. Sheriff Gee in his Official Capacity

### A. Plaintiff Improperly Alleged Respondeat Superior

It is well established that supervisory officials are not liable for the alleged

unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious

liability. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Supervisory liability can only

be established "when the supervisor personally participates in the alleged constitutional violation

or when there is a causal connection between the actions of the supervising official and the

alleged constitutional deprivation." *Williams v. Santana*, 340 Fed. Appx. 614, 617 (11th Cir.

2009). A plaintiff can establish a causal connection when:

> (1) a history of widespread abuse puts the responsible supervisor on notice of the
> need to correct the alleged deprivation, and he fails to do so; (2) a supervisor's
> custom or policy result[ed] in deliberate indifference to constitutional rights; or
> (3) facts support an inference that the supervisor directed the subordinates to act
> unlawfully or knew that the subordinates would act unlawfully and failed to stop
> them from doing so.

*Matthews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007) (citing *Cottone v. Jene*, 326 F.3d

1352, 1360 (11th Cir. 2003)). The standard by which a supervisor is held liable for the actions of

a subordinate is extremely rigorous. *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003).

Taylor did not allege that Defendant personally participated in the alleged constitutional

violation; thus a causal connection must be established. Taylor cannot establish such a causal

connection.

Taylor has not alleged a widespread history of abuse in the Falkenburg Jail that would

put Defendant Gee on notice of the need to correct any alleged constitutional deprivation. The

kind of deprivations that constitute widespread abuse sufficient to notify a supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences. *Simpson v. Stewart*, 2010 U.S. App. LEXIS 14043 (11th Cir. 2010). Taylor has not stated facts that exhibit a widespread history of abuse of the confinement process within the Hillsborough County Jail System. Taylor's complaint alleges only three individual instances where he was placed in confinement for being disruptive. These isolated incidents do not constitute widespread abuse. There is no indication that correctional officers at the Falkenburg Jail committed flagrant and rampant abuse against Taylor or any other inmate.

Taylor has failed to show that he was deprived of his constitutional rights as a result of Defendant Gee's policy or custom in place at the Falkenburg Road Jail. In order to demonstrate a policy or custom, a plaintiff must show a "persistent and wide-spread practice" of abuse. *Depew v. City of St. Mary's Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986). Taylor has made no assertions that any constitutional deprivation suffered by him was the result of Gee's policies or customs. As previously stated, Taylor's complaint only asserts three instances where he was placed in solitary confinement for disruptive behavior. Taylor has not identified any policy or custom with specificity nor has he alleged a "persistent and wide-spread practice" on the part of the Defendant Gee to place an in inmate in confinement.

Taylor has also made no factual assertions that support the inference that Defendant Gee directed subordinates in the Falkenburg Jail to act unlawfully by placing him in confinement. Nor does Taylor assert that Defendant Gee knew that his subordinates might act unlawfully and failed to stop them from doing so. As stated above, there is no allegation of a widespread history of abuse that would put Defendant Gee on notice of any unlawful activity by his subordinates.

6

As such, Taylor failed to show a causal connection between the actions of Defendant Gee and any alleged constitutional deprivation.

### B. Plaintiff Taylor's Retaliation Claim is Without Merit

Taylor has failed to establish a factual basis to support his allegation that Sheriff Gee retaliated against him for his legal knowledge and filing of civil rights complaints. It is well established that a prisoner's constitutional rights are violated if adverse action is taken against him in retaliation for the exercise of his constitutional rights. *Scott v. Cook*, 2005 WL 5976136 (N.D. Fla., Nov. 15, 2005). Generally, a prisoner "must demonstrate that the prison official's actions were the result of [the prisoner's] having filed a grievance concerning the conditions of his imprisonment" to establish retaliation. *Thomas v. Warner*, 273 Fed. Appx. 435, 438 (11th Cir. 2007) (citing *Farrow*, 320 F.3d 1235, 1248 (11th Cir. 2003). The prisoner must show that (1) his [action] was constitutionally protected; (2) he suffered adverse action such that the jail official's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such [action]; and (3) there is a causal relationship between the retaliatory action and the protected [action]. *See Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008).

Taylor failed to provide facts that show that his legal knowledge and filing of grievances, requesting forms, and filing numerous civil rights complaints caused Defendant Gee or his subordinates to retaliate against him by placing him in solitary confinement. According to Taylor's own statement of the facts, he was placed in solitary confinement on each occasion for being disruptive. Taylor has made nothing more than a bald assertion and conclusion of law that is not sufficient to support his claim. Taylor has wholly failed to link Defendant Gee with the alleged violation of his constitutional rights.

### III. Sheriff Gee in his Individual Capacity

*A. Defendant Gee is Entitled to Qualified Immunity*

Qualified immunity offers complete protection for individual government officials

performing discretionary functions "insofar as their conduct does not violate clearly established

statutory or constitutional rights of which a reasonable person would have known" *Harlow v.*

*Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity applies only to a defendant who is

sued in his individual capacity. *See Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985). "The

qualified immunity defense does not extend to municipalities or to claims against state actors in

their official capacities." *Heggs v. Grant*, 73 F.3d 317, 320 n.5 (11th Cir. 1996). The goal of

qualified immunity is to "avoid excess disruption of government and permit the resolution of

insubstantial claims." *Id.* To invoke the protections of qualified immunity a government official

must establish that "he was acting within discretionary authority when the allegedly wrongful act

occurred." *Poulakis v. Rogers*, 341 Fed. Appx. 523, 525 (11th Cir. 2009).

Once eligibility for qualified immunity is established, the burden shifts to the plaintiff to

show that qualified immunity is not appropriate. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir.

2002). Where qualified immunity is at issue, the Eleventh Circuit  has created a "heightened

pleading standard" that requires factual detail in pleadings in §1983 cases. *GJR Invs., Inc. v.*

*County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998). The Court must grant qualified

immunity unless a plaintiff "can show: first, that the facts viewed in the light most favorable to

the plaintiff establish a constitutional violation by the defendant; and, second, that the

unlawfulness of the defendant's actions was "clearly established" at the time of the incident."

*Poulakis*, 341 Fed. Appx. at 525 (citing *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009)).

Qualified immunity almost always protects the defendant unless "case law, in factual terms" has

staked out a bright line of unlawfulness or the language of the statute or constitutional provision specifically prohibits certain behavior. *Poulakis*, 341 Fed. Appx.at 528.

Defendant Gee in this case acted within his discretionary authority as Sheriff of Hillsborough County. Taylor does not specifically allege any wrongdoing by Defendant Gee in his complaint.[1] Rather, Taylor impliedly alleges wrongdoing by Gee because as sheriff, Gee is subject to supervisory liability. However, as stated above, Taylor did not establish supervisory liability in this case. As such, Defendant acted within his discretionary authority by establishing the rules and protocol which the correctional officers in the Falkenburg Jail followed.

As for Taylor's burden of proof to discredit qualified immunity, it is already established that Defendant Gee did not violate Taylor's constitutional rights. Also, there is no evidence that the alleged unlawfulness of Defendant Gee's actions was clearly established at the time of the incident. For a right to be "clearly established," previous binding case law must have developed that right in concrete factual context so as to make it obvious to a reasonable government actor that his actions violated federal law. *Anderson v. Creighton*, 483 U.S. 635 (1987). Taylor has failed to make any factual assertions as to Defendant Gee's misconduct. Taylor has also failed to establish supervisory liability. Without knowing the factual assertions underlying Taylor's claims as they relate to Defendant Gee's liability, the Court is unable to find that there is relevant case law or a specific constitutional provision that "clearly establishes" Defendant Gee's conduct as unlawful.

---

[1] The Court finds Taylor's allegation that the Sheriff personally "has retaliated against me by putting me in solitary confinement" to be incredulous because a sheriff does not generally micro manage a jail.

### B. Plaintiff's Allegation of a Civil Rights Conspiracy is Without Merit

In civil rights actions, a complaint containing conclusory, vague, and general allegations

of conspiracy will be dismissed as insufficient. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (1st

Cir. 1984); *Kearson v. Southern Bell Telephone & Telegraph Co.*, 763 F.2d 405, 407 (1st Cir.

1985), *cert denied*, 474 U.S. 1065 (1986). The first circuited stated:

> In an effort to control frivolous conspiracy suits under 1983, federal courts have
> come to insist that the complaint state with specificity the facts that, in the
> plaintiff's mind, show the existence and scope of the alleged conspiracy. It has
> long been the law in this and other circuits that complaints cannot survive a
> motion to dismiss if they contain conclusory allegations of conspiracy but do not
> support their claims with references to material facts. *Dunn v. Gazzola*, 216 F.2d
> 709, 711 (1st Cir. 1954); *Kadar Corp. v. Milbury*, 549 F.2d 230 (1st Cir. 1977);
> *Fletcher v. Hook*, 446 F.2d 14 (3rd Cir. 1971); *Johnson v. Stone.* 268 F.2d 803
> (7th Cir. 1959); *Ellingburg v. King*, 490 F.2d 1270 *(8th Cir.1974)*; *Powel v.
> Jarvis*, 460 F.2d 551 (2nd Cir. 1972).

*Slotnick v. Staviskey*, 560 F.2d 31, 333 (1st Cir. 1977), *cert denied*, 434 U.S. 1077 (1978).

The Eleventh Circuit has stated:

> To prove a 42 U.S.C. §1983 conspiracy, a plaintiff "must show that the parties
> 'reached an understanding' to deny the plaintiff his or her rights [and] prove an
> actionable wrong to support the conspiracy." *Bendiburg v. Dempsey*, 909 F.2d
> 463, 468 (11th Cir. 1990), *cert denied*, 114 U.S. __, 111 S.Ct. 2053, L.Ed.2d. 459
> (1991).

*Bailey v. Board of County Commissioners of Alachua County*, 956 F.2d 111 (11th Cir. 1992),

*cert denied*, 113 S.Ct. 98 (1992).

Taylor has done nothing more than make a conclusory, vague, and general allegation of a

civil rights conspiracy against Defendant Gee. Apart from writing "civil rights conspiracy" at the

top of the civil rights complaint form, Taylor does not mention a conspiracy anywhere in the

substance of his complaint. Taylor does not state specific facts that show the existence and scope

of the alleged conspiracy. Taylor has provided no facts showing that Defendant Gee and his

subordinates reached an understanding to deny Taylor his constitutional rights. Nor has Taylor

proved an actionable wrong. Because Taylor does not support his claim with reference to

material facts, his complaint must be dismissed.

## DEFENDANT'S REQUEST FOR INJUNCTIVE RELIEF

In addition to the motion to dismiss, Defendant requests that the Court enjoin Taylor

from bringing any new lawsuits in a pro se status without first obtaining leave of court to do so.

Under the All Writs Act, "[t]he Supreme Court and all courts established by an Act of Congress

may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable

to the usages and principles of law." 28 U.S.C. § 1651(a). A court's power to protect its

jurisdiction under this Act includes:

> the power to enjoin a dissatisfied party bent on re-litigating claims that were (or
> could have been) previously litigated before the court from filing in both judicial
> and non-judicial forums, as long as the injunction does not completely foreclose a
> litigant from any access to the courts.

*Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n.15 (11th Cir. 2002). The Court has the

"responsibility to prevent single litigants from unnecessarily encroaching on the judicial

machinery needed by others." *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986)(*en*

*banc*). In section 1983 cases, however, an injunction cannot be so broad that it goes beyond what

is sufficient to protect the district court's jurisdiction from the plaintiff's repetitive filings related

to the conditions of his confinement. *See Miller v. Donald*, 541 F.3d 1091 (11th Cir. 2008).

It has previously been established that Taylor's present complaint must be dismissed for

failure to state a claim against Defendant Gee in his official and individual capacity as Sheriff of

Hillsborough County. Since September 12, 2008, Taylor's latest date of incarceration, the Court

11

has dismissed five separate complaints by Taylor that include Gee as a defendant.[2] Taylor has

failed to prove that Defendant Gee has personally participated in the alleged deprivation of

Taylor's constitutional rights. Likewise, Taylor has not shown that Defendant Gee's customs or

policies in his official capacity as Sheriff resulted in the deliberate indifference to Taylor's

constitutional rights. Injunctive relief is appropriate to curtail abuses by Taylor, who has a

history of litigation involving duplicative claims, "vexation, harassment and needless expense"

and "unnecessary burden on the courts." *Bafford v. United States*, 2009 U.S. Dist. LEXIS

106875, *18 (M.D. Fla., Oct. 3, 2009). To avoid the proliferation of frivolous lawsuits and

prevent the harassment of Defendant Gee, Taylor will be enjoined from filing any new lawsuit in

a pro se status against Defendant Gee in his official or individual capacity as Sheriff of

Hillsborough County without first obtaining leave of the court to do so.

Accordingly, it is **ORDERED:**

1. That Defendant Gee's Rule 12(b)(6) motion to dismiss (Doc. 18) is **GRANTED.** The

Clerk is directed to enter judgment for Defendant Gee.

2. That Plaintiff Taylor may not file any new lawsuit in a pro se status against Sheriff Gee

in his official or individual capacity without the permission of the court.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30 day of July, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.

---

[2] Case No. 8:08-cv-2021-T-1-EAJ, Case No. 8:09-cv-00031-EAK-TGW, Case No. 8:09-cv-01077-EAK-MAP, Case No. 8:09-cv-02516-EAK-MAP, Case No. 8:10-cv-00730-EAK-AEP